# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEREMY C. DOTSON,

    Petitioner,

Case No. 3:09-cv-046

  -vs-

District Judge Walter Herbert Rice
Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case is brought pursuant to 28 U.S.C. § 2254 and is before the Court for initial review under Rule 4 of the Rules Governing Habeas Corpus Cases. Petitioner pleads one ground for relief:

> The Petitioner's direct appeal required a transcript of the grand jury testimony of a State's witness. The Court of Appeals ordered this transcript as part of the record. It did not become filed until January 27, 2004. The petition for post-conviction relief was filed on July 16, 2004, less than the statutory six months deadline. Nonetheless the filing was deemed untimely.

(Petition, Doc. No. 1, at 6.)

### Procedural History

Petitioner was convicted of involuntary manslaughter, having weapons under disability, and tampering with evidence on May 29, 2003. Id., ¶¶ 2 & 5. His conviction was affirmed by the Clark

County Court of Appeals on December 10, 2004. *State v. Dotson,* 2004 Ohio 6875, 2004 Ohio App. LEXIS 6383. One of the assignments of error on appeal was that the State had violated its duties under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose to Petitioner that Angela Banks had told law enforcement officials the night of the shooting that she had seen four persons instead of three in the van from which the victim fell. The Court of Appeals found that this testimony would not have been significantly exculpatory. *Dotson* at ¶¶ 23-24. After the Court of Appeals affirmed the conviction, Petitioner failed to appeal to the Ohio Supreme Court.[1]

On July 16, 2004, Petitioner filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Clark County Common Pleas Court summarily denied the petition as untimely and Petitioner again appealed to the Second District Court of Appeals, raising as his sole assignment of error "The court erred in not ordering an evidentiary hearing on Appellant's Petition for Post-Conviction Relief." *State v. Dotson*, 2007 Ohio 4078, 2007 Ohio App. LEXIS 3664, ¶ 5. In support of this assignment, he argued

> that because the appellate court record was supplemented with a transcript of the grand jury testimony of one witness, his time in which to file his petition for post-conviction relief was extended. Additionally, Dotson attempts to further extend his time by using the date of the filing of the 11(B), notice rather than the filing of the grand jury transcript.

*Id*. at ¶ 6. In rejecting this argument, The Court of Appeals held,

> When a petitioner for post-conviction relief is also pursuing a direct appeal of his conviction, his petition must be filed no later than 180 days after the *trial* transcript is filed in the court of appeals. R.C. § 2953.21(A)(2), emphasis ours. Dotson's trial transcript was filed on July 2, 2003, which means that in order for his petition to be timely,

---

[1]In the Petition, Mr. Doston claims he did appeal. Petition, Doc. No. 1, at ¶ 9(g). However, the cited appeal is on post-conviction review, not direct appeal.

-2-

> it had to have been filed no later than December 29, 2003. However, Dotson did not file his petition until July 16, 2004, more than one year after the trial transcript was filed with this court, and nearly seven months after the 180-day deadline. Failure to file within time defeats the jurisdiction of the trial court to consider the petition unless the untimeliness is excused under R.C. § 2953.23. *State v. Brewer* (May 14, 1999), Montgomery App. No. 17201, 1999 Ohio App. LEXIS 2180; *State v. Ayers* (Dec. 4, 1998), Montgomery App. No. 16851, 1998 Ohio App. LEXIS 5725.

*Id*. at ¶ 7. The court further found that Mr. Dotson had offered none of the excuses for late filing recognized under Ohio Revised Code § 2953.23. *Id*. at ¶ 8. It therefore affirmed the summary dismissal. *Id*. at ¶ 10. The Ohio Supreme Court declined to consider an appeal. *State v. Dotson*, 2008 Ohio 381, 2008 Ohio LEXIS 359 (Ohio, Feb. 6, 2008). Petitioner, represented by the same counsel who has represented him on appeal in the state courts, then filed the instant Petition in this Court on February 5, 2009.

## The Petition is Barred by the Statute of Limitations

28 U.S.C. §2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

A district court may dismiss a habeas petition *sua sponte* on limitations ground when conducting an initial review under Rule 4 of the Rules Governing §2254 Cases, *Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 164 L. Ed. 2d 376 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

¶ 18 of the form Petition for Writ of Habeas Corpus provides

> TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.

Petitioner has left this item blank and thus has not proffered any explanation of why the Petition is not untimely (Petition, Doc. No. 1, at 14-15.)

Petitioner's conviction became final January 24, 2005, forty-five days after the Court of Appeals affirmed the conviction on direct appeal, which was the last day on which he could have taken a direct appeal to the Ohio Supreme Court. Ohio Sup. Ct. R. Prac. II §2(A)(1)(A). The Petition herein was filed more than four years after finality or more than three years after the statute

expired, unless it was tolled.

Under 28 U.S.C. § 2244(d)(2), the statute is tolled during the pendency of a "properly filed" application for State post-conviction or other collateral review." In *Artuz v. Bennett*, 531 U.S. 4 (2000), Justice Scalia wrote for a unanimous court:

> [A]n application is "*properly* filed" when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, (footnote omitted) the court and office in which it must be lodged, and the requisite filing fee. ...

*Id*. at 8. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court held that a postconviction petition rejected by the state courts as untimely is not "properly filed" within 28 U.S.C. §2244(d)(2). *Accord, Allen v. Siebert,* 552 U.S. ___, 128 S. Ct. 2, 169 L. Ed. 329 (2007)(an untimely post-conviction petition is not properly filed regardless of whether the time element is jurisdictional or an affirmative defense.) Mr. Dotson's post-conviction petition was not timely filed and was rejected by the state courts on precisely that basis. Therefore his federal habeas corpus petition is time-barred and should be dismissed with prejudice.

### The Petition is Barred by Procedural Default

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107(1982). Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F. 3rd 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Petitioner has never presented to the Ohio courts his claim that a literal reading of the time limits on filing a petition for post-conviction relief – i.e., 180 days from filing the trial transcript as opposed to 180 days from completion of the record on appeal – violates his Due Process rights under the United States Constitution. Because this claim has never been presented to the Ohio courts and cannot now be presented to them because Petitioner has no vehicle by which to do so, he has forfeited his right to present that claim in federal habeas corpus. Therefore the Petition should be dismissed with prejudice as barred by this procedural default.

**Conclusion**

The Petition herein should be dismissed with prejudice for the reasons set forth above.

Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 6, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).