# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JEREMY C. DOTSON,

      Petitioner,                              Case No. 3:09-cv-046

                                        District Judge Walter Herbert Rice
  -vs-                                     Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

      Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 4) to the Magistrate Judge's Report and Recommendations recommending that the Petition be dismissed with prejudice as barred by the statue of limitations and because Petitioner procedurally defaulted in presenting his claims to the state courts. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Petitioner pleads one ground for relief:

> The Petitioner's direct appeal required a transcript of the grand jury testimony of a State's witness. The Court of Appeals ordered this transcript as part of the record. It did not become filed until January 27, 2004. The petition for post-conviction relief was filed on July 16, 2004, less than the statutory six months deadline. Nonetheless the filing was deemed untimely.

(Petition, Doc. No. 1, at 6.)

**Procedural History**

Petitioner was convicted of involuntary manslaughter, having weapons under disability, and tampering with evidence on May 29, 2003. Id., ¶¶ 2 & 5. His conviction was affirmed by the Clark County Court of Appeals on December 10, 2004. *State v. Dotson,* 2004 Ohio 6875, 2004 Ohio App. LEXIS 6383. One of the assignments of error on appeal was that the State had violated its duties under *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose to Petitioner that Angela Banks had told law enforcement officials the night of the shooting that she had seen four persons instead of three in the van from which the victim fell. The Court of Appeals found that this testimony would not have been significantly exculpatory. *Dotson* at ¶¶ 23-24. After the Court of Appeals affirmed the conviction, Petitioner failed to appeal to the Ohio Supreme Court.[1]

On July 16, 2004, Petitioner filed a petition for post-conviction relief under Ohio Revised Code § 2953.21. The Clark County Common Pleas Court summarily denied the petition as untimely and Petitioner again appealed to the Second District Court of Appeals, raising as his sole assignment of error "The court erred in not ordering an evidentiary hearing on Appellant's Petition for Post-Conviction Relief." *State v. Dotson*, 2007 Ohio 4078, 2007 Ohio App. LEXIS 3664, ¶ 5. In support of this assignment, he argued

> that because the appellate court record was supplemented with a transcript of the grand jury testimony of one witness, his time in which to file his petition for post-conviction relief was extended. Additionally, Dotson attempts to further extend his time by using the date of the filing of the 11(B), notice rather than the filing of the grand jury transcript.

---

[1]In the Petition, Mr. Dotson claims he did appeal. Petition, Doc. No. 1, at ¶ 9(g). However, the cited appeal is on post-conviction review, not direct appeal.

*Id*. at ¶ 6. In rejecting this argument, The Court of Appeals held,

> When a petitioner for post-conviction relief is also pursuing a direct appeal of his conviction, his petition must be filed no later than 180 days after the *trial* transcript is filed in the court of appeals. R.C. § 2953.21(A)(2), emphasis ours. Dotson's trial transcript was filed on July 2, 2003, which means that in order for his petition to be timely, it had to have been filed no later than December 29, 2003. However, Dotson did not file his petition until July 16, 2004, more than one year after the trial transcript was filed with this court, and nearly seven months after the 180-day deadline. Failure to file within time defeats the jurisdiction of the trial court to consider the petition unless the untimeliness is excused under R.C. § 2953.23. *State v. Brewer* (May 14, 1999), Montgomery App. No. 17201, 1999 Ohio App. LEXIS 2180; *State v. Ayers* (Dec. 4, 1998), Montgomery App. No. 16851, 1998 Ohio App. LEXIS 5725.

*Id*. at ¶ 7. The court further found that Mr. Dotson had offered none of the excuses for late filing recognized under Ohio Revised Code § 2953.23. *Id*. at ¶ 8. It therefore affirmed the summary dismissal. *Id*. at ¶ 10. The Ohio Supreme Court declined to consider an appeal. *State v. Dotson*, 2008 Ohio 381, 2008 Ohio LEXIS 359 (Ohio, Feb. 6, 2008). Petitioner, represented by the same counsel who has represented him on appeal in the state courts, then filed the instant Petition in this Court on February 5, 2009.

**The Statute of Limitations**

In the original Report, the Magistrate Judge concluded that the Petition was time-barred because it was not filed within one year of the date the conviction became final on direct appeal, as required by 28 U.S.C. §2244 (d). The original Report concluded "Petitioner's conviction became final January 24, 2005, forty-five days after the Court of Appeals affirmed the conviction on direct appeal, which was the last day on which he could have taken a direct appeal to the Ohio Supreme

Court. Ohio Sup. Ct. R. Prac. II §2(A)(1)(A)." (R&R, Doc. No. 3, at 4.) The Petition herein was filed on February 5, 2009, more than four years later.

Petitioner objects that "the most recent decision of the Ohio Supreme Court concerning this matter, specifically the Petitioner's appeal of the denial of his Petition for Post Conviction Relief was only filed on February 6, 2008." However, as Petitioner plainly admits, this was a decision on collateral relief, not direct appeal. § 2244(d) plainly says the one year runs from the time the case is final on direct appeal, not on collateral review. While the proper filing of an action for collateral review can toll the statute of limitations, the Supreme Court has twice held that a collateral relief petition rejected by the state courts as untimely – as Petitioner's was – is not "properly filed" within the meaning of § 2244(d)(2). *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Allen v. Siebert,* 552 U.S. ___, 128 S. Ct. 2, 169 L. Ed. 329 (2007).

The Petition herein was untimely filed and should be dismissed on that basis.

**Procedural Default**

On its face, the Petition does not state a claim for habeas relief. Instead, it essentially asserts that the Ohio Court of Appeals misread the Ohio statute which sets a time limit for filing petitions for post-conviction relief. That is, Petition claims the correct time limit is 180 days from when the record becomes complete on appeal. The statute, Ohio Revised Code § 2953.21(A)(2), literally reads 180 days from filing of the trial transcript and the Ohio Court of Appeals read the statute literally and found the PCR Petition was untimely. *State v. Dotson*, 2007 Ohio 4078, 2007 Ohio App. LEXIS 3664, ¶¶ 6 & 7, quoted verbatim supra. Federal habeas corpus relief extends only to

constitutional questions. 28 U.S.C. §2254(a); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983).

Because the Petition on its face does not raise a federal constitutional question, it could have been dismissed without prejudice on that basis. However, the Magistrate Judge inferred that Petitioner intended to make the claim that construing the statute in that manner deprived him of his Fourteenth Amendment right to due process of law. Having made that inference, the original Report went on to conclude that no such federal constitutional claim had ever been presented to the Ohio courts and, since there was not now a vehicle for doing so, Petitioner had procedurally defaulted this claim.

In the Objections, Petitioner confirms his one ground for relief is intended to be a federal due process claim and admits "the issue of timeliness was not specifically raised in the Court of Appeals or the State Supreme Court as a constitutional due process claim." (Objections, Doc. No. 4, at 2.)

In attempting to excuse his failure to raise the issue specifically, Petitioner notes that there are four ways to "fairly present" a federal constitutional claim in the state courts:

> [T]he ways in which a state defendant may fairly present to the state courts the constitutional nature of his claim, even without citing chapter and verse of the Constitution, include (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like factual situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987); *accord*, *Whiting v. Birt*, 395 F.3d 602 (6th Cir. 2005); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000). He alleges he comes within this case law because "[t]imeliness of post conviction remedies has been addressed in this circuit as a due

process issue," citing *Curtis v. Lafler*, 2008 U.S. Dist. LEXIS 66599 (E.D. Mich. ), and *Israfil v. Russell,* 276 F. 3d 768.(6th Cir.2001). *Curtis* is mis-cited. In that case, Judge Tarnow specifically held "It is for state courts to interpret and enforce state laws and rules on issues such as the timeliness of a state court filing." *Curtis* at *23, citing *Israfil*. In *Israfil* itself, the Sixth Circuit held that this Court "properly deferred to the state court's finding as to whether Israfil's third post-conviction motion had been submitted according to Ohio's timeliness requirements. 276 F.3d at 771-772.

Petitioner asserts in the alternative that if procedural default is found, he can show excusing cause and prejudice. However, he then asserts that the cause is that he pled constitutional issues on direct appeal and argued to the Ohio Court of Appeals that their untimeliness ruling would prevent him from getting a ruling on the merits of these underlying constitutional claims.

Whatever that argument might mean, it has nothing in common with cause and prejudice jurisprudence under *Wainwright v. Sykes*, 433 U.S. 72 (1977). Cause must be something external to the petitioner, something that cannot fairly be attributed to him; it must be some objective factor external to the defense. *Murray v. Carrier*, 477 U.S. 478, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986). Nothing like that has been shown or even argued here.

Finally, Petitioner suggests this Court could stay these habeas proceedings to allow him to file a delayed application to reopen the appeal in the post-conviction proceedings to include the due process claim (Objections, Doc. No. 4, at 4.) However, an application under Rule 26(B) is only available for reopening a direct appeal, not an appeal in post-conviction. Furthermore, the only issue raisable on such an application is the constitutional claim of ineffective assistance of appellate counsel on direct appeal. There is no constitutional entitlement to effective assistance of appellate

counsel on appeal from denial of a petition for post-conviction relief. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 95 L. Ed. 2d 539 (1987); *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974).

Petitioner's Objections are without merit. It is again respectfully recommended that the Petition be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 24, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).